[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#104)
The plaintiff, Burton Piaser, commenced this action against the defendants, Erwin Cohen and Periphex, Inc. (Periphex), to recover damages based upon the alleged breach of an employment agreement and other related claims. The plaintiff alleges that he entered into an employment agreement with Periphex, a privately held Connecticut corporation, on or about November 3, 1989, and that pursuant to an amendment to that agreement, Periphex agreed to provide the plaintiff with certain employment benefits, including a stock option plan. The plaintiff further alleges that Cohen, the president and sole shareholder of Periphex, sold Periphex on December 6, 1993, and that Periphex then incorporated in Massachusetts under the same name. Following the sale of Periphex Connecticut, the plaintiff claims that he continued in the employ of "Periphex Massachusetts" until his employment was terminated on or about September 15, 1994. From the date of the sale of Periphex through the date Periphex Massachusetts terminated the plaintiff's employment, the plaintiff claims that Periphex Massachusetts refused or neglected to provide the plaintiff with a stock option plan in violation of the terms of the employment agreement.
The defendant, Periphex Massachusetts, has filed a motion to strike (#104) the plaintiff's claims against Periphex in counts I, III, V, VII, IX, XI and XIII of the complaint on the ground that the plaintiff failed to allege that an employment agreement ever existed between Periphex Massachusetts and the plaintiff. The defendant argues that because the employment agreement, which is the basis of the plaintiff's claim, was with Periphex Connecticut rather than Periphex Massachusetts, the complaint "misjoins" and fails to state a claim against Periphex Massachusetts. In support of this motion, the defendant submitted a memorandum of law, and the plaintiff filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted; internal CT Page 8073 quotation marks omitted.) Waters v. Autuori, 236 Conn. 820,825-26, 676 A.2d 357 (1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
"Under the general rule, a corporation which purchases all the assets of another company does not become liable for the debts and liabilities of its predecessor unless: (1) the purchase agreement expressly or impliedly so provides; (2) there was a merger or consolidation of two of the firms; (3) the purchaser is a `mere continuation' of the seller; or (4) the transaction is entered into fraudulently for the purpose of escaping liability."Ricciardello v. J.W. Grant Co., 717 F. Sup. 56, 57-58 (D.Conn. 1989). The plaintiff argues that there is an issue of fact as to whether Periphex Massachusetts assumed the obligations attendant to the employment agreement as a result of the sale.
In the present case, the plaintiff claims that he entered into an employment agreement with Periphex, the Connecticut corporation, and that the agreement entitled him to participate in a stock option plan. Although Periphex was sold and reincorporated in Massachusetts, it retained the same corporate name. In addition, the plaintiff alleges that he was retained as an employee of Periphex Massachusetts following the sale. The plaintiff now claims that Periphex Massachusetts refused to honor the terms of his employment agreement, specifically the provision entitling the plaintiff to a stock option plan.
Viewed in the light most favorable to the plaintiff, the above allegations are sufficient to support a claim that Periphex Massachusetts impliedly assumed the obligations of Periphex Connecticut under the plaintiff's employment agreement when it retained the plaintiff as an employee. "While no precise rule governs the finding of implied liability, . . . the conduct or representations relied upon by the party asserting liability must indicate an intention on the part of the buyer to pay the debts of the seller. . . . The presence of such an intention depends on the facts and circumstances of each case." (Citation omitted.)Ladjevardian v. Laidlaw-Coggeshall, Inc., 431 F. Sup. 834, 839
(S.D.N.Y. 1977). "Such a finding can only be made after the facts have been fully developed at trial." Id., 838. Furthermore, "[w]here the successor [corporation] may hold itself out as being the same by name of product, operation and sale, thereby receiving the benefit of past goodwill, it should likewise bear CT Page 8074 the burden of past operation." Copperthite v. Pytlik, Superior Court, judicial district of Middlesex, Docket No. 59053, (August 29, 1992, Arena, J.). Accordingly, the defendant's motion to strike is denied.
RICHARD J. TOBIN, J.